**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-41066
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

WALBERTO ARRIAGA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-443-1

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Walberto Arriaga appeals the 18-month sentence imposed following his guilty-plea conviction for making a false statement in connection with the acquisition of a firearm. Arriaga contends that his sentence is procedurally and substantively unreasonable. He argues that the district court committed reversible procedural error because it failed to provide reasons for both Arriaga's within-guidelines sentence and its denial of his nonfrivolous arguments for a below-guidelines sentence. Arriaga also argues that the sentence is excessive

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a). According to Arriaga, the guidelines range overpunished him for extraneous offenses. He also notes his "actual role in this non-violent offense" and his good behavior while on bond.

Because Arriaga failed to raise his procedural objection in the district court, review is for plain error. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008). To show plain error, Arriaga must show an error that is clear or obvious and that affects his substantial rights. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009); *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Baker*, 538 F.3d at 332.

The record reflects that the district court denied Arriaga's request for a below-guidelines sentence without reasons. The explanation for Arriaga's sentence was as follows: "The court adopts the factual findings and guideline applications in the presentence investigation report. It's the judgment of the court that the defendant, Walberto Arriaga, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 18 months." Also, in its statement of reasons, the district court indicated that "[t]he sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart." Arriaga is correct that the district court did not adequately explain its reasons for the sentence imposed. *See United States v. Mondragon-Santiago*, __ F.3d __, 2009 WL 782894, at *5 (5th Cir. Mar. 26, 2009). However, Arriaga's 18-month sentence is within the advisory guidelines range. Furthermore, he fails to show that an explanation for his sentence would have changed his 18-month sentence. Thus, Arriaga has failed to show that the district court's error affected his substantial rights. *See id.* at *7.

With regard to his substantive reasonableness challenge, Arriaga contends that review should be for an abuse of discretion, not plain error, because he requested a shorter sentence based upon the same issues that he raises now. We need not determine, however, whether plain-error review is appropriate in this case because Arriaga is not entitled to relief even assuming that he preserved the substantive reasonableness issue for review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Arriaga fails to establish that his sentence is substantively unreasonable. His within-guidelines sentence is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The district court heard the Government's recommendation regarding a "fair" term of imprisonment. The district court also heard Arriaga's arguments concerning his age, his role in the offense, his behavior while on bond, and his lack of a criminal history but elected to impose a sentence at the low end of the advisory guidelines range. Arriaga has not demonstrated that his within-guidelines sentence was an abuse of discretion by the district court. *See Alonzo*, 435 F.3d at 554.

Accordingly, the judgment of the district court is AFFIRMED.